UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Michael Lauer, Board of Trustees Chairman, and )
William Nix, Board of Trustees Secretary, )
on behalf of the INDIANA STATE COUNCIL. )
OF CARPENTERS PENSION FUND, et al., )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　v. 　　　　　　　　　　　　　　　　　 )　　　No. 2:10-CV-0218-JD-PRC
　　　　　　　　　　　　　　　　　　　　　　 )
R & W CONCRETE, LLC, 　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　Defendant. 　 )

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the Plaintiffs' Motion for Default Judgment [DE 15] against

Defendant, R & W Concrete, LLC.  The Motion for Default Judgment was filed on July 25, 2011

and is hereby **GRANTED.**

**I.  BACKGROUND**

Plaintiffs Michael Lauer, Board of Trustees Chairman, and William Nix, Board of

Trustees Secretary, on behalf of the Indiana State Council of Carpenters Pension Fund; David

Tharp, Board of Trustees Chairman, on behalf of Indiana Kentucky Regional Council of

Carpenters Defined Contribution Pension Trust Fund; David Tharp, Board of Trustees Co-

Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of Indiana Carpenters

Welfare Fund; David Tharp, Board of Trustees Chairman, and Joe Coar, Board of Trustees

Secretary, on behalf of Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade

Program; Douglas J. McCarron, Board of Trustees Chairman, on behalf of the United

Brotherhood of Carpenters Apprenticeship Training Fund of North America (collectively, the

1

"Trust Funds"); and the Indiana/Kentucky Regional Council of Carpenters, (the "Carpenters' Union") filed its original Complaint on May 27, 2010. *See* DE 1.

The Complaint stated causes of action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, *et seq.* ("LMRA"), alleging that R&W Concrete violated these statutes by failing to permit the Trust Funds' auditor to review the payroll books and related records to ensure compliance and failing to contribute to its employee pension fund under the terms of its collective bargaining agreement ("CBA") with the Carpenters' Union. It sought to compel an audit and to recover the delinquent contributions. *See* DE 1. On November 22, 2010, Magistrate Judge Paul Cherry orderd R&W Concrete to make certain records available for an audit, *see* DE 9, which revealed $12,891.57 in delinquent contributions between January 1, 2008 through December 31, 2009, based on 974.25 unreported hours, *see* DE 15-2. Plaintiffs seek to recover this amount plus reasonable attorney's fees and costs, as allowed under the collective bargaining agreement and ERISA.

R&W Concrete was served with the Complaint and Summons on August 12, 2010, *see* DE 5, but has not answered or filed an appearance. The clerk entered default against R&W Concrete on October 29, 2010. *See* DE 7. Plaintiffs filed a Verified Motion for Entry of an Order and Default Judgment on July 25, 2011. *See* DE 15. The Motion was accompanied by the sworn affidavit of Michelle Zimmerman, a Certified Public Accountant, stating that she had supervised the payroll audit and attesting to the amount of delinquent contributions. Also attached was a breakdown of attorney's fees, hours, and costs for pursuing R&W Concrete's delinquent contributions.

## II. DISCUSSION

R&W Concrete is an Indiana company doing business in this judicial district; venue is proper.  *See* DE 1. The court has subject matter jurisdiction under Section 301 of LMRA, 29 U.S.C. § 185, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc*., 361 F.3d 335, 339 (7th Cir. 2004).  A defendant is required to file an answer within twenty days after service of the summons and complaint; failure to do so may result in the defendant's default under Rule 55(a).  FED. R. CIV. P. 12(a) and 55(a). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint.  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). In considering a motion for default judgment, a court may need to hold a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc*., 722 F.2d 1319, 1323 (7th Cir.1983).  But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary.  *See O'Brien v. O'Brien & Associates, Inc.*, 998 F.2d 1394,1404 (7th Cir. 1993).

ERISA states that "[e]very employer who is obligated to make contributions . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of . . . such agreement."  29 U.S.C. § 1145.  If an employer fails to make contributions, ERISA allows a participant, beneficiary, or fiduciary to bring a civil action for relief including the recovery of benefits that are due under the agreement.  *See id.* § 1132(a)(1), (2). Further, the Court, in its discretion, may allow reasonable attorney's fees and costs of action brought by a participant, beneficiary, or fiduciary under ERISA.  *See* 29 U.S.C § 1132(g); *see also Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000).

By signing the Carpenters' Union's CBA, R&W Concrete agreed to make certain contributions to the Employee Retirement Income Security Program. An audit shows that R&W Concrete failed to contribute $12,891.57 between January 1, 2008 through December 31, 2009. Thus, Plaintiffs are entitled to recover the delinquent contributions.

Further, ERISA allows Plaintiffs to recover the attorney's fees and costs incurred in enforcing the audit and collecting delinquent contributions, and R&W Concrete also agreed to pay the costs of enforcing the CBA. Attorney Paul T. Berkowitz's affidavit states that Plaintiffs have incurred $2,187.50 and $523.80 in attorney's fees and costs, respectively. The attorney's fees amount, however, appear to be based on an arithmetical error in the attached spreadsheet detailing the time activities, and should total to $1,987.50. The Court finds these fees and costs reasonable, considering the experience of counsel and the market rate in his area of practice.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment against R & W Concrete, LLC, is hereby **GRANTED** in the amount of $12,891.57, and attorney's fees and costs in the amount of $1,987.50 and $523.80, respectively.

SO ORDERED.

ENTERED:   December 12, 2011

                                    /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court

4